John L. Marshall (#145570)
Marsha A. Burch (#170298)
Graham St. Michel (#261882)
Tahoe Regional Planning Agency
P.O. Box 5310
Stateline NV 89449-5310
(775) 588-4547
jmarshall@trpa.gov
mburch@trpa.gov
gstmichel@trpa.gov

*Attorneys for Tahoe Regional Planning Agency*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHOE REGIONAL PLANNING AGENCY, | Case No. |
| Plaintiff, | |
| vs. | COMPLAINT FOR CIVIL PENALTIES AND INJUNCTIVE RELIEF |
| DANIL REZIAPKINE, KIRILL M. ZAMEYER, OLEG SVANYUTA N TRUST, and FAUPS, LLC, | |
| Defendants. | |

## I.  INTRODUCTION

1.     Plaintiff Tahoe Regional Planning Agency ("TRPA") files this action against Defendants DANIL REZIAPKINE, KIRILL M. ZAMEYER, OLEG SVANYUTA N TRUST, and FAUPS, LLC for civil penalties for multiple violations of the Tahoe Regional Planning Compact, Pub. Law 96-551, 94 Stat. 3233, Cal. Gov. Code §§ 66801 et seq., Nev. Rev. Stat. §§ 277.200 et seq. (1980) ("Compact"), and its implementing Code of Ordinances ("Code") arising

1  out of Defendants' unauthorized operation of a rental concession without a TRPA permit, in

2  violation of TRPA's Cease and Desist orders.

## II.  JURISDICTION AND VENUE

4      2.    This Court has jurisdiction over this matter pursuant to: (a) Article VI(j) of the

5  Compact; and (b) 28 U.S.C. § 1331(a) in that this civil action arises under the laws of the United

6  States.

7      3.    Venue is proper in this Court pursuant to Article VI(j)(2)(A) of the Compact in

8  that for a civil action challenging an activity by a person undertaken upon a parcel of real

9  property, venue lies in the federal judicial district where the real property is located.  The

10  activities underlying this enforcement action occurred on real property located within the judicial

11  district of the United States District Court for the Eastern District of California.  Venue is also

12  proper in this Court pursuant to 28 U.S.C. § 1391(b) in that TRPA is informed and believes the

13  Defendants Reziapkine and Zameyer reside in this District and conduct their business at Lake

14  Tahoe, the residential properties owned by OLEG SVANYUTA N TRUST ("SVANYUTA")

15  and FAUPS, LLC ("FAUPS") where the violations took place are located within the judicial

16  district of the United States District Court for the Eastern District of California, and the events

17  and omissions giving rise to this action occurred in this District.

## III.  PARTIES

19      4.    Plaintiff TRPA is a legal entity created by the Compact.  The Compact empowers

20  TRPA to adopt a regional plan and implementing ordinances for land use in the Tahoe Region.

21  Article VI of the Compact authorizes TRPA to bring enforcement actions to ensure compliance

22  with the regional plan, implementing ordinances, rules, regulations, and policies. TRPA

23  maintains a boat on Lake Tahoe crewed by TRPA experienced employees ("TRPA boat crew").

24

Complaint for Civil Penalties and Injunctive Relief        2

5. Defendant Danil Reziapkine, a resident of South Lake Tahoe, California, is the registered owner of a watercraft, California license CF6465UY. Defendant Reziapkine's watercraft CF6465UY is a 24-foot pontoon "party" boat. Reziapkine is also the registered co-owner (with Zameyer) of three vessels used in his boat rental concession, Oregon license OR381AHJ (gray and white AM 250), OR609AHL (White Yamaha 252x), and OR534AHA (Blue Yamaha AR250). Approximately 5 additional boats have also been used by Reziapkine for his boat rental concession, including: OR099AFX (grey and white AR 240), OR322AGT (pontoon yellow and white Suncatcher), OK6440EC (Sweetwater pontoon black and white top), OR534AHA (white Yamaha 252X).

6. Defendant Kirill M. Zameyer, a resident of Oregon who conducted business on the waters of Lake Tahoe in the State of California in the summer of 2023 and between June and August of 2024, is the registered co-owner (with Reziapkine) of a watercraft used in their boat rental concession, namely: Oregon license OR381AHJ (gray and white AM 250), OR609AHL (White Yamaha 252x), and OR534AHA (Blue Yamaha AR250). Approximately 5 additional boats have also been used by Zameyer for their boat rental concession, including: OR099AFX (grey and white AR 240), OR322AGT (pontoon yellow and white Suncatcher), OK6440EC (Sweetwater pontoon black and white top), OR534AHA (white Yamaha 252X).

7. Defendant FAUPS, LLC is a Limited Liability Company formed under the laws of the State of Delaware and registered to do business in the State of California. FAUPS, LLC owns the residential property located at 2183 Monterey Drive, South Lake Tahoe, CA ("2183 Monterey Drive"). During the summer of 2024, documented with photographs taken between June and August 2024, TRPA boat crew staff observed Defendants Reziapkine and Zameyer

1  operating a commercial boat rental concession and storing and refueling rental boats at the 2183

2  Monterey Drive property.

3      8.    Defendant OLEG SVANYUTA N TRUST is the record owner of the residential

4  property located at 2145 Monterey Drive, South Lake Tahoe, CA ("2145 Monterey Drive").

5  During the summer of 2024, documented with photographs taken between June and September

6  2024, TRPA boat crew observed Defendants Reziapkine and Zameyer operating a commercial

7  boat rental concession and storing rental boats at the 2145 Monterey Drive property.

## IV. GENERAL ALLEGATIONS

    9.    Lake Tahoe is one of the most extraordinary bodies of water in the world. Surrounded by the majestic peaks of the Sierra Nevada mountain range, the large (192 square miles) and deep (average depth 1,200 feet) alpine lake is renowned for its spectacular water clarity. Mark Twain accurately referred to Lake Tahoe as the "fairest picture the whole earth affords."

    10.    The unique natural beauty of Lake Tahoe is directly attributable to its unparalleled water quality, vegetation, and scenic quality. Views from vantage points on and around Lake Tahoe reveal inspiring mountains, crystal clear waters, and vast forested landscapes. The open waters of Lake Tahoe are essential to the area's scenic quality because over-crowding of watercraft clutters the visual impact of one of the country's largest alpine lakes.

    11.    Maintaining the environmental health in the Tahoe Region, known as the "Jewel of the Sierra", is essential if the area is to continue its status as a unique natural treasure, as well as an international tourist destination. The environmental health of the Tahoe Region depends on preserving water quality, vegetation, and scenic quality.

12. The states of Nevada and California and the federal government created TRPA in 1969 (P.L. 91-148, 83 Stat. 380) and provided the Agency with increased regulatory authority in 1980 by passing the current version of the Compact.  As directed by the Compact, TRPA adopted environmental thresholds carrying capacities ("thresholds") for nine different criteria, including Vegetation, Water Quality, and Scenic Quality.  The Compact further directs that TRPA develop regulations to attain and maintain the environmental targets established by the thresholds.

13. In 1987, TRPA enacted its Regional Plan including the TRPA Code, a set of regulations through which the thresholds can be attained and maintained.  The Code provides a comprehensive regulatory system that benefits residents and visitors alike by ensuring a high quality of environmental standards in the Tahoe Region.  Tahoe residents especially benefit from the TRPA Code because its regulations significantly enhance property values.

14. Pursuant to the Compact and the Code, TRPA must approve all projects in the Tahoe Region.  Article II(h) of the Compact defines a "project" as "an activity undertaken by any person . . . if the activity may substantially affect the land, water, air, space or any other natural resources of the region."  Chapter 4 of the TRPA Code requires that all projects in the Tahoe Region obtain a TRPA permit prior to authorization unless the project is specifically identified as "exempt" or "qualified exempt".  Section 5.2 of Article V of the TRPA's Rules of Procedure require that each person undertaking a project in the Tahoe Basin establish an interest in the real property upon which the project is undertaken.

15. TRPA Code Chapter 84.10.2 states that any motorized boating concession requires a permit from TRPA, and any new boat concessions may only be allowed in an existing marina.

16. TRPA is charged with maintaining the scenic quality of Lake Tahoe. Therefore, TRPA sets standards and permit requirements on motorized and non-motorized concessions to reduce boating impacts on the lake and to improve recreation and navigational safety. While TRPA makes a reasonable effort to accommodate local residents' and visitors' desires to experience Lake Tahoe from the water, the Agency must balance this with mitigation of scenic, noise, and water quality impacts that boaters can have to the Lake.

17. During the 2024 boating season, Defendants Reziapkine and Zameyer operated a new boat rental concession outside of a marina without a TRPA permit. During the 2024 boating season, TRPA staff documented Defendants Reziapkine and Zameyer picking up boat rental customers at Regan Beach and Baldwin Beach.  Regan Beach is a littoral parcel, identified as El Dorado County Assessor Parcel Number 026-030-002 in the City of South Lake Tahoe, is owned by the City of South Lake Tahoe, and serves as a public beach.  Baldwin Beach is also a public beach, identified as El Dorado County Assessor Parcel Numbers 019-020-005, 018-090-069, 018-090-021, and 018-320-007.  Regan Beach and Baldwin Beach are not marinas. Under TRPA's Code, on-lake boat rental concessions require a TRPA permit, and may only operate from a marina.

18. The residence located at 2145 Monterey Drive is in the Tahoe Keys subdivision, and that property includes a private boat dock.  TRPA is informed and believes that Defendants Reziapkine and Zameyer rented the residence from SVANYUTA, or otherwise arranged with SVANYUTA for the storage of rental boats at the property.

19. The residence located at 2183 Monterey Drive is in the Tahoe Keys subdivision, and that property includes a private boat dock.  TRPA is informed and believes that Defendants

1  rented the residence from FAUPS, or otherwise arranged with FAUPS for the storage of rental
2  boats at the property.

3      20.      Defendant Reziapkine operated an illegal boat rental concession in 2023 and
4  moored his boats illegally near Regan Beach. Those TRPA Code violations were the subject of
5  litigation in this Court (Case Number 2:21-v-02235-DAD-JDP) that resulted in a judgment and
6  injunction dated July 21, 2023.  In that action, TRPA intends to file a motion for an order to
7  show cause why Defendant Reziapkine should not be held in contempt for violation of the
8  injunction by mooring his boats illegally again during the 2024 boating season.

9      21.      Since the injunction in July of 2023, Defendant Reziapkine expanded his
10 concession activities to the residential properties owned by Defendants SVANYUTA and
11 FAUPS and has worked in concert with Defendant Zameyer to continue and expand the
12 unpermitted boat rental concession.  Defendants Reziapkine and Zameyer continue to use public
13 beaches as pick-up locations for customers.  During the 2024 boating season, TRPA staff
14 observed many rental boat "transfers" conducted by Defendants Reziapkine and Zameyer at
15 Regan and Baldwin beaches, the pick-up and transfer of customers from the beach to the rental
16 boats was documented with photographs, and the rental boats were later photographed at one or
17 the other of the two residential properties.

18     22.      In June of 2023, TRPA staff observed boats that had been used throughout the
19 season by Defendants Reziapkine and Zameyer for the unpermitted boat rental concession being
20 stored at 2183 Monterey Drive. On June 21, 2023, TRPA sent a Cease and Desist Order to
21 Reziapkine, Zamayer, and FAUPS, LLC requiring the parties to immediately cease the
22 unpermitted commercial activity at the 2138 Monterey Drive property. TRPA received no
23 response.

24

Complaint for Civil Penalties and Injunctive Relief                       7

23. After observations during the 2024 boating season confirming that the unpermitted concession was still being operated from the 2183 Monterey Drive property, and that the concession had been expanded to include the adjacent residence and dock at 2145 Monterey Drive, on August 12, 2024, TRPA sent a Cease and Desist Order to all Defendants, requiring the immediately cessation of the unpermitted commercial activity, and removal of the boats from Lake Tahoe. No response was received.

24. The Compact authorizes TRPA to bring enforcement actions and to seek civil penalties and injunctive relief to stop future violations. Under the Compact, any person who violates the Compact, TRPA ordinance, or regulation is subject to a civil penalty not to exceed $5,000 per violation per day the violation persists.

## V. FIRST CAUSE OF ACTION

25. TRPA incorporates herein by reference the allegations of paragraphs 1 through 24.

26. Defendants Reziapkine and Zameyer continue to operate an unpermitted motorized watercraft rental concession in the waters of Lake Tahoe without authorization, constituting a violation of TRPA Code Section 84.10.2.

27. Defendants FAUPS and SVANYUTA either participated in or allowed the unauthorized rental concession to be operated from their residential properties during the 2024 boating season.  All Defendants participated in the operation of the rental concession outside of an approved marina and stored rental watercraft overnight at private residences.  This unauthorized rental activity violates TRPA Code Section 84.10.2.

28.     Because Defendants Reziapkine, Zameyer, SVANYUTA, and FAUPS violated the Compact and TRPA Code they are subject to civil penalties pursuant to Article VI(k). Defendants Reziapkine, Zameyer, SVANYUTA, and FAUPS are subject to civil penalties for each individual violation of the Compact and TRPA Code as a result of the unauthorized motorized watercraft concession in the waters of Lake Tahoe.

29.     The violations caused by the unauthorized rental concession operation were willful.

30.     Civil penalties and injunctive relief against Defendants Reziapkine, Zameyer, SVANYUTA, and FAUPS are necessary to deter illegal conduct, redress the environmental harm, and to disgorge the economic benefit attributable to the violations.

## REQUEST FOR RELIEF

A.     For each individual violation, a penalty assessed against Defendants Reziapkine, Zameyer, SVANYUTA and FAUPS not to exceed $5,000 per violation per day the violations persisted.

B.     An injunction ordering Defendants Reziapkine, Zameyer, SVANYUTA and FAUPS to cease, without authorization from TRPA, (1) mooring commercial watercraft (e.g. rental boats) at a private residence in Lake Tahoe and (2) operating an unauthorized motorized boat rental concession in the waters of Lake Tahoe.

C.     An injunction ordering Defendants SVANYUTA and FAUPS to cease the use of their residential properties as a location for storage, fueling, and operation of any motorized boat rental concession in the waters of Lake Tahoe.

D.   Reasonable attorneys' fees and costs of suit incurred in this action.

E.   Such other and further relief as the Court deems just and proper.

DATED:  October 16, 2024.

                            TAHOE REGIONAL PLANNING AGENCY

/s/ John L. Marshall
John L. Marshall (#145570)
General Counsel
Tahoe Regional Planning Agency
P.O. Box 5310
Stateline NV 89449-5310
(775) 588-4547
jmarshall@trpa.gov

/s/ Marsha A. Burch
Marsha A. Burch (#170298)
Associate Counsel
Tahoe Regional Planning Agency
P.O. Box 5310
Stateline NV 89449-5310
(775) 588-4547
mburch@trpa.gov

/s/ Graham St. Michel
Graham St. Michel (#261882)
Associate Counsel
Tahoe Regional Planning Agency
P.O. Box 5310
Stateline NV 89449-5310
(775) 588-4547
gstmichel@trpa.gov