UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHOE REGIONAL PLANNING AGENCY,<br><br>Plaintiff,<br><br>v.<br><br>DANIL REZIAPKINE, et al.,<br><br>Defendants. | No. 2:24-cv-02862-DAD-JDP<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO SERVE DEFENDANTS BY PUBLICATION<br><br>(Doc. No. 17) |

This matter is before the court on plaintiff's motion to serve defendants Danil Reziapkine and Kirill M. Zameyer by publication. (Doc. No. 17.) Having reviewed plaintiff's submission, the court deems the motion suitable for decision without oral argument pursuant to Local Rule 230(g), and the hearing previously set for April 21, 2025 is hereby vacated. For the reasons explained below, plaintiff's request to serve by publication will be denied.

**BACKGROUND**

On October 16, 2024, plaintiff filed a complaint against defendants Reziapkine, Zameyer, Oleg N Svanyuta Trust, and FAUPS, LLC. (Doc. No. 1.) Plaintiff alleges that defendants Reziapkine and Zameyer continue to operate an unpermitted motorized watercraft rental concession in the waters of Lake Tahoe without authorization in violation of Tahoe Regional Planning Agency ("TRPA") Code § 84.10.2. (*Id.* at ¶ 26.) Plaintiff further alleges that

1

1 defendants Olege N Svanyuta Trust and FAUPS, LLC either participated in or allowed the
2 unauthorized rental concession to be operated from their residential properties during the 2024
3 boating season.  (*Id.* at ¶ 27.)

4     On November 19, 2024, the summons was returned executed on defendant FAUPS, LLC.
5 (Doc. No. 7.)  On January 3, 2025, defendant FAUPS, LLC filed an answer and crossclaim
6 against defendant and cross-defendant Reziapkine.  (Doc. No. 9.)  On January 10, 2025, plaintiff
7 moved for a 60-day extension of time to serve defendants Reziapkine, Zameyer, and Oleg N
8 Svanyuta Trust.  (Doc. No. 10.)  On January 13, 2025, the court granted plaintiff's motion.  (Doc.
9 No. 11.)  On January 29, 2025, the summons was returned executed on defendant Oleg N
10 Svanyuta Trust.  (Doc. No. 16.)

11     Plaintiff provided evidence that it engaged in the following efforts to personally serve
12 defendants Reziapkine and Zameyer.  Plaintiff attempted personal service on the location where
13 defendants Reziapkine and Zameyer resided during the 2024 summer boating season, but it
14 appeared under construction and as if no one lived there.  (Doc. No. 17-2 at 2.)  A co-defendant
15 provided another address for defendants Reziapkine and Zameyer that the co-defendant
16 purportedly obtained during the landlord-tenant relationship, and plaintiff attempted personal
17 service there 10 times, but no one was willing to answer the door.  (*Id.* at 4.)  Boater registration
18 indicated defendant Zameyer might reside at a location in Oregon, but the property owner "Olga
19 Zameyer" said defendant Zameyer hadn't lived there in some time.  (*Id.* at 2.)  Plaintiff hired a
20 private investigator who produced six addresses for defendant Zameyer and 20 for defendant
21 Reziapkine.  (*Id.* at 3.)  The private investigator identified the Oregon and co-defendant-provided
22 addresses as the current addresses of defendants Zameyer and Reziapkine respectively.  (*Id.*)
23 Plaintiff also attempted to reach out to defendant Reziapkine's counsel in a related action, but
24 counsel said he was not attorney of record in this case and that "we were terminating [*sic*] quite a
25 while ago."  (*Id.*)  Finally, plaintiff attempted to email defendants with a waiver of service
26 package using their business email.  (*Id.* at 4.)

27     On March 13, 2025, plaintiff filed a motion to serve defendants Reziapkine and Zameyer
28 by publication.  (Doc. No. 17.)  No opposition to the motion has been filed.

# LEGAL STANDARD

Under the Federal Rules of Civil Procedure, an individual can be served by any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). Rule 4 also provides that proper service can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1).

California law permits service by publication. In this regard, California Code of Civil Procedure § 415.50(a) provides, in relevant part:

> A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . . . [a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

"Reasonable diligence" for purposes of § 415.50(a) means the plaintiff "took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). Only when reasonable diligence is shown,

> [t]he court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served. If the party to be served resides or is located out of this state, the court may also order the summons to be published in a named newspaper outside this state that is most likely to give actual notice to that party. The order shall direct that a copy of the summons, the complaint, and the order for publication be forthwith mailed to the party if his or her address is ascertained before expiration of the time prescribed for publication of the summons.

Cal. Code. Civ. Proc. § 415.50(b). Upon publication of notice once a week for four consecutive weeks, service is deemed complete. Cal. Gov't Code § 6064. "Four publications in a newspaper

1 regularly published once a week or oftener, with at least five days intervening between the
2 respective publication dates not counting such publication dates, are sufficient." *Id.*

## ANALYSIS

As stated previously, California Code of Civil Procedure § 415.50(a) allows for service by publication only "if upon affidavit it appears to the satisfaction of the court in which the action is pending that . . . [a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a). "An application for an order of publication must be accompanied by an affidavit stating facts from which the trial court can draw the conclusion that the plaintiff has a cause of action against the defendant."[1] *Rios v. Singh*, 65 Cal. App. 5th 871, 884 (2021). "This is a jurisdictional prerequisite to the issuance of an order of publication." *Id.*

Here, plaintiff provided two affidavits in support of the pending motion. (Doc. Nos. 17-2, 17-6.) These affidavits refer to efforts to serve defendants Reziapkine and Zameyer. (*Id.*) They do not state any facts from which the trial court can draw the conclusion that plaintiff has a cause of action against defendants Reziapkine and Zameyer. (*Id.*) On this basis alone the court must deny service by publication. *Rios*, 65 Cal. App. 5th at 884; *see also Claimtek, LLC v. Med Off. Grp., Inc.*, No. 8:22-cv-01696-FWS-DFM, 2023 WL 4155359, at *5 (C.D. Cal. Apr. 7, 2023) ("Under Section 415.50(a)(1), a plaintiff must offer independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant.") (citation omitted); *Rose v. Seamless Fin. Corp. Inc.*, No. 11-cv-00240-AJB-KSC, 2013 WL 1285515, at *3 (S.D. Cal. Mar. 26, 2013) ("Accordingly, the Court finds the Dickenson Declaration, the Perlstein Declaration, and the *ex parte* application devoid of any facts from which the trial court could draw the conclusion that a cause of action existed against any of the defendants.") (citation omitted, cleaned up).

/////

---

[1] The undersigned acknowledges that district courts have at times overlooked this requirement imposed by California law. *See, e.g.*, *United States ex rel. Quesenberry v. Buena Vista Construction Group, Inc.*, No. 2:20-cv-01826-DAD-JDP, 2023 WL 6849444, at *1 (E.D. Cal., Oct. 17, 2023).

Additionally, although plaintiff has identified South Lake Tahoe, California as the place where service should be effected by publication, plaintiff has not provided the court with a named newspaper or an explanation for why that newspaper is most likely to give actual notice. Cal. Civ. Proc. Code § 415.50(b) ("The court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served."); *see also Bd. of Trs. of Cement Masons S. California Health & Welfare Fund v. Zupparo*, No. 2:23-cv-02900-SB-MAR, 2023 WL 6782308, at *2 (C.D. Cal. Sept. 29, 2023) ("Although Plaintiffs provide a named newspaper in California, they fail to do so in Florida. Nor do they adequately explain why the named newspaper selected, the Los Angeles Daily Journal, is the newspaper most likely to give actual notice.").[2]

**CONCLUSION**

For the reasons explained above,

1. The hearing date previously set for April 21, 2025 is VACATED; and
2. Plaintiff's motion to serve defendants Reziapkine and Zameyer by publication (Doc. No. 17) is DENIED without prejudice to refiling.

IT IS SO ORDERED.

Dated:  **April 15, 2025**               /s/ Dale A. Drozd
                                          DALE A. DROZD
                                          UNITED STATES DISTRICT JUDGE

---

[2] The court identifies no other deficiencies with plaintiff's motion. The court is satisfied for purposes of reasonable diligence that, based on the evidence submitted (Doc. No. 17-2), plaintiff "took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc.*, 87 Cal. App. 3d at 333.

5