UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| TAHOE REGIONAL PLANNING AGENCY, | No. 2:24-cv-02862-DAD-JDP |
|---|---|
| Plaintiff, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST TO SERVE DEFENDANTS BY PUBLICATION |
| DANIL REZIAPKINE, et al., | |
| Defendants. | (Doc. No. 21) |

This matter is before the court on plaintiff's renewed motion to serve defendants Danil Reziapkine and Kirill M. Zameyer by publication. (Doc. No. 21.) Having reviewed plaintiff's submission, the court deems the motion suitable for decision without oral argument pursuant to Local Rule 230(g), and the hearing previously set for July 7, 2025 is hereby vacated. For the reasons explained below, plaintiff's request to serve by publication will be granted in part and denied in part.

**BACKGROUND**

On October 16, 2024, plaintiff filed a complaint against defendants Reziapkine, Zameyer, Oleg N Svanyuta Trust, and FAUPS, LLC. (Doc. No. 1.) Therein, plaintiff alleges that defendants Reziapkine and Zameyer continue to operate an unpermitted motorized watercraft rental concession in the waters of Lake Tahoe without authorization in violation of Tahoe

1

1  Regional Planning Agency ("TRPA") Code § 84.10.2.  (*Id.* at ¶ 26.)  Plaintiff further alleges that
2  defendants Olege N Svanyuta Trust and FAUPS, LLC either participated in or allowed the
3  unauthorized rental concession to be operated from their residential properties during the 2024
4  boating season.  (*Id.* at ¶ 27.)

5       On November 19, 2024, the summons was returned executed on defendant FAUPS, LLC.
6  (Doc. No. 7.)  On January 3, 2025, defendant FAUPS, LLC filed an answer and crossclaim
7  against defendant and cross-defendant Reziapkine.  (Doc. No. 9.)  On January 10, 2025, plaintiff
8  moved for a 60-day extension of time to serve defendants Reziapkine, Zameyer, and Oleg N
9  Svanyuta Trust.  (Doc. No. 10.)  On January 13, 2025, the court granted plaintiff's motion.  (Doc.
10 No. 11.)  On January 29, 2025, the summons was returned executed on defendant Oleg N
11 Svanyuta Trust.  (Doc. No. 16.)

12      Plaintiff provided evidence that it engaged in the following efforts to personally serve
13 defendants Reziapkine and Zameyer.  Plaintiff attempted personal service on the location where
14 defendants Reziapkine and Zameyer resided during the 2024 summer boating season, but it
15 appeared under construction and as if no one lived there.  (Doc. No. 21-6 at 2.)  A co-defendant
16 provided another address for defendants Reziapkine and Zameyer that the co-defendant
17 purportedly obtained during the landlord-tenant relationship, and plaintiff attempted personal
18 service there 10 times, but no one was willing to answer the door.  (*Id.* at 4.)  Boater registration
19 indicated defendant Zameyer might reside at a location in Oregon, but the property owner "Olga
20 Zameyer" said defendant Zameyer hadn't lived there in some time.  (*Id.* at 2.)  Plaintiff hired a
21 private investigator who produced six addresses for defendant Zameyer and 20 for defendant
22 Reziapkine.  (*Id.* at 3.)  The private investigator identified the Oregon and co-defendant-provided
23 addresses as the current addresses of defendants Zameyer and Reziapkine respectively.  (*Id.*)
24 Plaintiff also attempted to reach out to defendant Reziapkine's counsel in a related action, but that
25 counsel said he was not attorney of record in this case and that "we were terminating [*sic*] quite a
26 while ago."  (*Id.*)  Finally, plaintiff attempted to email defendants with a waiver of service
27 package using their business email.  (*Id.* at 4.)
28 /////

2

1    Plaintiff also provides the following evidence regarding whether a cause of action exists
2    against defendants Reziapkine and Zameyer.  One affidavit states that during the 2024 summer
3    boating season, the affiant personally observed defendant Reziapkine operating a boat rental
4    concession without a permit and mooring boats for this unauthorized commercial activity at
5    public beaches and two residential addresses.  (Doc. No. 21-2 at 3.)  "The Watercraft Team also
6    reported that Defendant was working in cooperation with at least one other individual."  (*Id.*)
7    "One of those individuals has been identified as Kirill Zameyer[.]"  (*Id.*)  Another affiant states
8    that defendants Reziapkine and Zameyer co-owned three vessels used in defendant Reziapkine's
9    boat rental concession.  (Doc. No. 21-3 at 3.)  The same affiant observed defendant Reziapkine
10   and "his various boats operating in Lake Tahoe, often engaging in actions, such as picking up
11   customers and [sic] public beaches[.]"  (*Id.* at 4.)

12   On March 13, 2025, plaintiff filed a motion to serve defendants Reziapkine and Zameyer
13   by publication.  (Doc. No. 17.)  On April 16, 2025, the court denied the motion as deficient
14   without prejudice to its refiling.  (Doc. No. 18.)  On May 19, 2025, plaintiff filed the pending
15   motion to serve defendants Reziapkine and Zameyer by publication.  (Doc. No. 21.)

16   **LEGAL STANDARD**

17   Under the Federal Rules of Civil Procedure, an individual can be served by any of the
18   following:

19   > (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

23   Fed. R. Civ. P. 4(e)(2).  Rule 4 also provides that proper service can be made by "following state
24   law for serving a summons in an action brought in courts of general jurisdiction in the state where
25   the district court is located or where service is made[.]"  Fed. R. Civ. P. 4(e)(1).

26   California law permits service by publication.  In this regard, California Code of Civil
27   Procedure § 415.50(a) provides, in relevant part:
28   /////

3

> A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . . . [a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

"Reasonable diligence" for purposes of § 415.50(a) means the plaintiff "took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). Only when reasonable diligence is shown,

> [t]he court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served. If the party to be served resides or is located out of this state, the court may also order the summons to be published in a named newspaper outside this state that is most likely to give actual notice to that party. The order shall direct that a copy of the summons, the complaint, and the order for publication be forthwith mailed to the party if his or her address is ascertained before expiration of the time prescribed for publication of the summons.

Cal. Code. Civ. Proc. § 415.50(b). Upon publication of notice once a week for four consecutive weeks, service is deemed complete. Cal. Gov't Code § 6064. "Four publications in a newspaper regularly published once a week or oftener, with at least five days intervening between the respective publication dates not counting such publication dates, are sufficient." *Id.*

## ANALYSIS

As noted in the court's May 19, 2025 order, based on the evidence submitted (Doc. No. 21-6), plaintiff "took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc.*, 87 Cal. App. 3d at 333. Therefore, the court finds that defendants Reziapkine and Zameyer "cannot with reasonable diligence be served in another manner[.]" California Code of Civil Procedure § 415.50(a).

Additionally, plaintiff has identified two newspapers, the *Tahoe Daily Tribune* and *The Oregonian* newspaper, that are most likely to give actual notice to defendants Reziapkine and Zameyer based on their locations and broad circulation. (Doc. No. 21-6 at 4–5); Cal. Civ. Proc. Code § 415.50(b) ("The court shall order the summons to be published in a named newspaper,

4

1   published in this state, that is most likely to give actual notice to the party to be served.  If the
2   party to be served resides or is located out of this state, the court may also order the summons to
3   be published in a named newspaper outside this state that is most likely to give actual notice to
4   that party.").

5   As noted, California Code of Civil Procedure § 415.50(a) allows for service by
6   publication only "if upon affidavit it appears to the satisfaction of the court in which the action is
7   pending that . . . [a] cause of action exists against the party upon whom service is to be made or
8   he or she is a necessary or proper party to the action."  Cal. Civ. Proc. Code § 415.50(a).  "An
9   application for an order of publication must be accompanied by an affidavit stating facts from
10  which the trial court can draw the conclusion that the plaintiff has a cause of action against the
11  defendant."  *Rios v. Singh*, 65 Cal. App. 5th 871, 884 (2021).  "This is a jurisdictional prerequisite
12  to the issuance of an order of publication."  *Id.*  "In order to satisfy Section 415.50, Plaintiffs must
13  submit an affidavit signed by someone with personal knowledge of the essential facts."  *Doe v.*
14  *Santa Clara Cnty. Dep't of Health & Hum. Servs.*, No. 22-cv-04948-JSW, 2023 WL 6450420, at
15  *5 (N.D. Cal. Oct. 3, 2023).  "Affidavits based upon hearsay and conclusions . . . do not pass
16  muster."  *Id.*

17  "New motorized boat concessions may be allowed only within an existing marina."
18  TRPA Code § 84.10.2.B.1 (adopted Dec. 12, 2012, amended Dec. 13, 2023).  Plaintiff has offered
19  sufficient evidence for the court to draw the conclusion that plaintiff has a claim against
20  defendant Reziapkine under this ordinance because an affiant personally observed defendant
21  Reziapkine operating boat concessions without a permit at public beaches rather than within
22  marinas.  (Doc. No. 21-3 at 3.)

23  However, plaintiff's evidence that defendant Zameyer is working in cooperation with
24  defendant Reziapkine is impermissible hearsay because the affiant merely relays what the
25  Watercraft Team reported and that one individual working in cooperation with defendant
26  Reziapkine "has been identified" by some unspecified source "as Kirill Zameyer[.]"  (Doc. No.
27  21-2 at 3); *see Doe*, 2023 WL 6450420, at *5 ("Affidavits based upon hearsay and conclusions
28  . . . do not pass muster.").  Plaintiff's remaining evidence regarding defendant Zameyer states that

5

he co-owns three boats used in the unlawful boat concessions.  (Doc. No. 21-3 at 3.)  Plaintiff does not identify how defendant Zameyer violates TRPA Code § 84.10.2 merely by being a co-owner of boats used by another for unlawful boat concessions.  Therefore, plaintiff has not offered sufficient evidence for the court to draw the conclusion that plaintiff has a claim against defendant Zameyer or that he is a necessary or proper party to this action.

## CONCLUSION

For the reasons explained above,

1. The hearing date previously set for July 7, 2025 is VACATED;
2. Plaintiff's motion to serve defendants Reziapkine and Zameyer by publication (Doc. No. 21) is GRANTED IN PART as to defendant Reziapkine as follows:
    a. Plaintiff shall publish the summons in the *Tahoe Daily Tribune* once a week for four successive weeks, with at least five days intervening between the respective publication dates, not counting such publication dates;
    b. Plaintiff shall have sixty days from the date of this order in which to effect service of defendant Reziapkine by publication, and plaintiff shall file a notice of completion of service within seventy days of the date of entry of this order; and
    c. If plaintiff ascertains defendant Reziapkine's address within the next sixty days, plaintiff shall mail forthwith copies of the summons, complaint, and this order to defendant Reziapkine by ordinary mail;
2. Plaintiff's motion to serve defendants Reziapkine and Zameyer by publication (Doc. No. 21) is DENIED IN PART as to defendant Zameyer without prejudice to the refiling of a properly supported motion to serve defendant Zameyer by publication.

IT IS SO ORDERED.

Dated:  **July 1, 2025**

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE