UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAHOE REGIONAL PLANNING AGENCY,

Plaintiff,

v.

DANIL REZIAPKINE et al.,

Defendants.

No.  2:24-cv-02862-DAD-JDP

ORDER GRANTING PLAINTIFF'S MOTION FOR 60-DAY EXTENSION OF TIME TO SERVE DEFENDANT

(Doc. No. 51)

This matter is before the court on plaintiff's motion for a 60-day extension to effectuate service of process on defendant Kiril[1] M. Zameyer.  Plaintiff filed a complaint initiating this action against defendants on October 16, 2024.  (Doc. No. 1.)  On November 15, 2024, defendant FAUPS, LLC was successfully served.  (Doc. No. 7.)  On January 10, 2025, plaintiff filed a motion seeking a 60-day extension of time to serve the summons and complaint on defendants Reziapkine, Zameyer, and Svanyuta (Doc. No. 10).  In that motion, plaintiff indicated that they had hired a process server to serve defendant Zameyer at an Oregon address at which a boat he owned was registered, but the property owner at that address stated that defendant Zameyer "has not lived [there] for some time."  (Doc. No. 10-1 at 2.)  On January 13, 2025, the court granted

_____

[1]  This is the spelling of this named defendant's first name as it appears on the docket in this action, although plaintiff in its motion spells the first name "Kirill."

1

plaintiff's motion and extended the deadline to serve those defendants to March 14, 2025.  (Doc. No. 11.)  Defendant Svanyuta was successfully served on January 29, 2025.  (Doc. No. 16.)  On March 13, 2025, plaintiff filed a motion to serve defendants Reziapkine and Zameyer by publication.  (Doc. No. 17.)  On April 16, 2025, the court denied the motion without prejudice because:  (1) plaintiff failed to provide adequate evidentiary support to establish their efforts toward serving those defendants; and (2) plaintiff failed to identify a newspaper or explanation why any particular newspaper would be the most likely to give actual notice.  (Doc. No. 18 at 4–5.)[2]

On May 19, 2025, after defendants Reziapkine and Zameyer had still not been successfully served, plaintiff filed a renewed motion for service by publication.  (Doc. No. 21.)  On July 2, 2025, the court granted in part and denied in part that motion.  (Doc. No. 22.)  In resolving the renewed motion, the court authorized plaintiff to serve defendant Reziapkine by publication but denied plaintiff's request to serve defendant Zameyer by publication because plaintiff had failed to meet its burden of establishing that defendant Zameyer was a necessary party to the action or that plaintiff had a claim against him.  (Doc. No. 22 at 5–6.)

On July 14, 2025, plaintiff's counsel retained a private investigator ("PI") to locate and serve defendant Zameyer.  (Doc. No. 51-1 at 2.)  On October 20, 2025, the PI located a residential address for defendant Zameyer, and informed plaintiff's counsel that either he or his colleague would attempt to serve defendant Zameyer at that location.  (*Id.* at 5; Doc. No. 51-7.)  On October 27, 2025, the PI informed plaintiff's counsel that he observed a male matching defendant Zameyer's description sitting with another individual in the residence's garage, and when he approached the two individuals, the male matching defendant Zameyer's description closed the door and refused to make contact with the PI.  (*Id.*)  The PI subsequently spoke to the second individual who was sitting in the garage, and that individual told the PI that defendant Zameyer lives at that residence.  (*Id.*)  The PI returned to the residence "a short time later" and "observed

---

[2]  Plaintiff briefly references its other efforts to effectuate service of process on defendant Zameyer that were previously recounted in their motions for service by publication.  (Doc. No. 51 at 2.)  The court will not recount all of those previously described efforts in detail here.

an adult female inside the residence." (*Id.*)  However, that woman refused to answer the door. (*Id.*)

On November 24, 2025, plaintiff filed a status report indicating that plaintiff was still attempting to effectuate service of process on defendant Zameyer, detailed all of their efforts in attempting to do so, and indicated that they believe that defendant Zameyer has been evading service.  (Doc. No. 40 at 1.)  On November 26, 2025, the court issued an order indicating that the time to effect service of process on defendant Zameyer had elapsed, but also that the court would consider an application for an extension of time to serve defendant Zameyer.  (Doc. No 43.)  On December 15, 2025, plaintiff filed a motion seeking a 60-day extension of time to effectuate service of process pursuant to Federal Rule of Civil Procedure 4(m) on defendant Zameyer. (Doc. No. 51.)

Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  "District courts have broad discretion to extend time for service under Rule 4(m)." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).  Moreover, "Rule 4(m) does not tie the hands of the district court after the [90]–day period has expired.  Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after" the 90-day period expires. *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).  Good cause may be found where a defendant is evading service. *Wei v. State of Hawaii*, 763 F.2d 370, 371 (9th Cir. 1985) (concluding that evasion of service is "the only example of good cause" evinced by the legislative history under 4(m)'s predecessor, 4(j)); *see also Toledano v. Marconi*, No. 8:22-cv-01331-MWF-AFM, 2023 WL 4680779, *16 (C.D. Cal. Mar. 20, 2023) (citing cases and acknowledging this principle under Rule 4(m)), *report and recommendation adopted*, No. 8:22-cv-01331-MWF-AFM, 2023 WL 11818947 (C.D. Cal. June 28, 2023).

/////

Here, plaintiff has established good cause.  Since at least January 2025, plaintiff has continued their efforts to effectuate service of process on defendant Zameyer at multiple addresses in California and Oregon.  *GS Holistic, LLC v. Xotic Smokes Inc.*, No. 22-cv-07628-NC, 2023 WL 11991809, at *2 (N.D. Cal. May 31, 2023) (finding good cause to extend service deadline where plaintiff's counsel made repeated attempts to effect service at different locations); *see also Mayweather v. Wine Bistro, LLC*, No. 2:13-cv-00210-JAD-VCF, 2013 WL 5537312, at *1, 3 (D. Nev. Oct. 4, 2013) (finding plaintiff established good cause to extend the deadline for service of process months after it expired because plaintiff made several attempts to serve defendants at multiple locations).  Moreover, plaintiff has provided evidence indicating that defendant Zameyer is intentionally evading service.  *See Cadles of W. Va., LLC v. Alvarez*, No. 20-cv-2534 TWR-WVG, 2021 WL 2156187, at *1 (S.D. Cal. May 27, 2021) (finding good cause to grant a 60-day extension to serve process outside the 90-day period where defendant evaded service multiple times).  Accordingly, the court concludes that a 60-day extension to serve defendant Zameyer is appropriate under the circumstances of this case.

### CONCLUSION

For the reasons stated above, plaintiff's motion for a 60-day extension to effectuate service of process on defendant Zameyer (Doc. No. 51) is GRANTED and plaintiff shall serve defendant Zameyer within 60 days of the issuance of this order.

IT IS SO ORDERED.

Dated:   **January 15, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4