UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAHOE REGIONAL PLANNING AGENCY,

Plaintiff,

v.

DANIL REZIAPKINE, *et al*.,

Defendants.

Case No. 2:24-cv-2862-DAD-JDP

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff Tahoe Regional Planning Agency maintains this action against defendants Danil Reziapkine, Kiril M. Zameyer, and Oleg N. Svanyuta Trust for allegedly unpermitted commercial activity on Lake Tahoe. Reziapkine and Zameyer (collectively, for purposes of this order, "defendants"), both appearing pro se, have jointly filed two motions.[1] Defendants move for leave to file amended individual answers to assert a counterclaim against plaintiff. ECF No. 71. Defendants have attached the proposed amendments to their motion. ECF Nos. 71-1 and 71-2. Defendants also have filed a motion for a temporary restraining order on the basis of the proposed counterclaim they seek to plead. ECF No. 70. For the reasons discussed below, defendants'

[1] On August 17, 2026, the court referred both motions to me for issuance of findings and recommendations. ECF No. 77.

motion for leave to file amended answers, ECF No. 71, is granted, and I recommend that defendants' motion for a temporary restraining order, ECF No. 70, be denied.

## I. Motion to Amend

### A. Legal Standard

Federal Rule of Civil Procedure 15 governs the amendment of pleadings, including answers and counterclaims.[2] Rule 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires."[3] *See* Fed. R. Civ. P. 15(a)(2); *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016). "This policy is to be applied with extreme liberality." *C.F. v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) (internal quotation marks and citation omitted). In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### B. Analysis

Reziapkine filed his answer in September 2025, and Zameyer filed his answer in February 2026. ECF Nos. 28 & 59. Neither defendant asserted a counterclaim. *See id*. Defendants now seek to amend their answers to each assert a counterclaim based on events that transpired after they initially answered. ECF No. 71 at 3. Specifically, defendants assert that, on July 27, 2026,

---

[2] While Federal Rule of Civil Procedure 13 governs counterclaims, "courts presented with motions for leave to amend a pleading to add an omitted counterclaim generally adhere to the liberal amendment policy of Rule 15 in deciding whether to grant the requested leave." *Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda.*, 220 F.R.D. 614, 620 (C.D. Cal. 2003) (cleaned up). Moreover, while Rule 13 previously included language governing the procedure for amending omitted counterclaims, such language was deleted with the understanding that "[a]n amendment to add a counterclaim will be governed by Rule 15." *See* Fed. R. Civ. P. 15 (advisory committee notes to 2009 amendments).

[3] The scheduling order allowed defendants to file the present motion before August 31, 2026. *See* ECF No. 69 at 2. Accordingly, because defendants do not seek to modify the scheduling order, Federal Rule of Civil Procedure 16 does not govern the present analysis. *See* *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

plaintiff distributed a directive to Lake Tahoe launch facilities stating that such facilities were not to launch or apply a seal to any of seven specified vessels owned by defendants. *See id*. at 3, 6; ECF No. 70-1 at 7. Defendants state that, on July 28, 2026, one Lake Tahoe launch facility applied the directive, removed one of the vessel's seals, permitted a one-time launch, and represented that a replacement seal would not be applied after the vessel was removed from the water. ECF No. 71 at 3. Thereafter, defendants assert that other Lake Tahoe launch facilities have enforced the directive in a similar manner. *Id*.

Defendants state that they "received no individual written notice, administrative decision, identified code provision, factual findings, hearing, review procedure, expiration date, or order entered in this action authorizing the vessel-specific restriction." *Id*. at 4. They further assert that they have complied with all relevant requirements. *Id*. Based on these events, each defendant seeks leave to plead a counterclaim against plaintiff for violation of procedural due process. ECF No. 71-1 at 6-7; ECF No. 71-2 at 6-7.

Plaintiff does not appear to oppose defendants' motion for leave to amend. *See* ECF No. 74. Plaintiff devotes its opposition to opposing defendants' motion for a temporary restraining order, and plaintiff's only reference to defendants' motion for leave comes in arguing that the motion for a temporary restraining order should be denied. *See id*. at 15 (arguing that defendants' "concurrent motion for leave to add supplemental counterclaims confirms that the merits litigation remains pending").

There is no appearance of bad faith on defendants' part, defendants have not previously amended, and there is no showing that amendment would cause prejudice to plaintiff. Moreover, defendants have not caused undue delay; on the contrary, they filed the present motion within days of the alleged events giving rise to their counterclaims. Lastly, it does not appear that defendants' amendment would be futile. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (holding that "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense").

Accordingly, defendants' motion for leave to file amended answers, ECF No. 71, will be granted. I will instruct the Clerk of Court to file the answers attached to defendants' motion as separate docket entries.

## II. Motion for Temporary Restraining Order

### A. Legal Standard

A temporary restraining order, as with any preliminary injunctive relief, is an extraordinary remedy that is not awarded as of right. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The standards governing temporary restraining orders are "substantially similar" to those governing preliminary injunctions. *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). To obtain injunctive relief, a party must show: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. Although the court must consider all four *Winter* factors, the first factor—likely success on the merits—is the most important. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023).

Alternatively, the Court of Appeals "has adopted and applied a version of [a] sliding scale approach under which a preliminary injunction could issue where the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in [a party's] favor.'" *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (quoting *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003) (alteration added)). "Serious questions are ones that cannot be resolved one way or the other at the hearing on the injunction because they require more deliberative investigation. They need not promise a certainty of success, nor even present a probability of success, but must involve a fair chance of success on the merits." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1192 (9th Cir. 2024) (cleaned up).

### B. Analysis

Defendants seek a temporary restraining order enjoining the directive that has prohibited them from launching their vessels on Lake Tahoe. ECF No. 70 at 2. Defendants assert that such an order is proper because they "raise serious questions" as to whether the directive violates due

process "without an individualized written decision or identified procedure for review." *Id*. at 8-9.

"The procedural due process guarantees of the fourteenth amendment apply only when a constitutionally protected liberty or property interest is at stake." *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989). As such, "[a] procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).

Regarding the first element, "[p]roperty interests protected by the Due Process Clause of the Fourteenth Amendment do not arise whenever a person has only 'an abstract need or desire for,' or 'unilateral expectation of,' a benefit. Rather, they arise from 'legitimate claim(s) of entitlement . . . defined by existing rules or understandings that stem from an independent source such as state law.'" *Erdelyi v. O'Brien*, 680 F.2d 61, 63 (9th Cir. 1982) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)).

As for the second element, "[p]recisely what procedures the Due Process Clause requires in any given case is a function of context. After all, unlike some legal rules, due process is not a technical conception with a fixed content unrelated to time, place and circumstances. Rather, it is flexible and calls for such procedural protections as the particular situation demands." *Brewster*, 149 F.3d at 983 (cleaned up).

Here, regarding the first element, defendants do not show that plaintiff has deprived them of a protected liberty or property interest. Defendants assert that they maintain "[a] significant possessory interest in the continued possession and use of personal property." ECF No. 70 at 8. However, defendants do not allege that plaintiff has deprived them of possessing their vessels or being able to use them at-large; rather, plaintiff has prevented defendants from using their vessels on Lake Tahoe. *See* ECF No. 71-1 at 7; ECF No. 7-2 at 7.

Defendants do not present a "legitimate claim[] of entitlement" to being permitted to use their vessels on Lake Tahoe, such by citing a regulation or state law. *See Erdelyi*, 680 F.2d at 63. The Court of Appeals has held, albeit in a different context, that individuals do not have a

protected interest in the use of public lands. *See Swim v. Bergland*, 696 F.2d 712, 719 (9th Cir. 1983) (holding that a "license to graze on public lands has always been a revocable privilege" and did not create a protected interest). Defendants do not identify any case law establishing that they have a protected interest in using their vessels on Lake Tahoe. Accordingly, they fail to show that they have been deprived of a protected liberty or property interest.

While failing on the first element alone is sufficient to find that defendants do not have a fair chance of success on the merits of this claim, it bears mention that defendants also fail to establish that they were denied adequate procedural protections. In July 2023, in a related case, default judgment was entered against Reziapkine, and he was "permanently enjoined from operating a rental concession without a permit and from anchoring or mooring any watercraft that he owns or controls in the waters of Lake Tahoe, except for moorings that have been approved" by plaintiff. *See Tahoe Regional Planning Agency v. Reziapkine*, No. 2:21-cv-2235-DAD-JDP, ECF No. 31 (E.D. Cal. July 21, 2023). Moreover, plaintiff alleges that it sent cease-and-desist notices to defendants in June 2023 and August 2024 because defendants were using their vessels for "unpermitted commercial activity." ECF No. 1 ¶¶ 22-23. Defendants did not respond to these notices.

Despite this prior action and the notices, plaintiff has submitted a declaration and attached photos purporting to show that defendants continued to engage in unpermitted commercial activity as recently as July 25, 2026. *See* ECF No. 74-1 at 2-4, 9-22. Further, plaintiff has submitted a declaration and attached records purporting to show that defendants have continued to offer commercial services through August 2026 on "online boat rental platforms, including GetMyBoat and Boatsetter." *See* ECF No. 74-2 at 2-3. Plaintiff's counsel states that defendants have listed their vessels—the same that are the subject of plaintiff's directive—and each time that the platform removes the listing per plaintiff's request, defendants list their vessels again under a different profile. *Id.* at 3-4. Plaintiff's counsel states:

> Based on my personal involvement in this correspondence and my review of the listings described above, I have observed a consistent pattern throughout 2026: listings for the same vessels, identifiable by registration number and description, are removed from GetMyBoat and/or Boatsetter in response to TRPA's requests, only

> to reappear weeks or months later under a different, first-name-only profile ("Max," then "Eric," then "Dasha"). Each iteration of these listings has offered the same or substantially the same vessels for paid rental in South Lake Tahoe—including the four vessels that Moving Defendants' Motion describes as used solely for "private, personal, and family recreation" . . . .

*Id*. at 5. On August 5, 2026, plaintiff's counsel "reviewed active Boatsetter listings and discovered that six (6) boats remain listed for rent in South Lake Tahoe under the 'Max' profile." *Id*. at 6. Plaintiff has submitted records supporting the information provided in this declaration. *See id*. at 8-136.

Thus, even if defendants had been deprived of a constitutionally protected interest, they fail to show at this stage that they have been deprived of due process—a standard that, as noted, "is flexible and calls for such procedural protections as the particular situation demands." *See Brewster*, 149 F.3d at 983 (cleaned up).

Accordingly, defendants have not demonstrated "a fair chance of success on the merits" of their due process claim.[4] *See Flathead-Lolo-Bitterroot*, 98 F.4th at 1192. Consequently, the court need not analyze the remaining *Winter* factors. *See A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018) (holding that a "plaintiff [must] make a showing on all four prongs to obtain a preliminary injunction"); *Germon v. Times Mirror Co.*, 520 F.2d 786, 788 (9th Cir. 1975) ("Because [the plaintiff] failed to sustain his burden of showing a likelihood of success on the merits, we need not consider the issue of irreparable injury since [the plaintiff] would not be entitled to the relief sought even if he were to prevail on this issue.").

---

[4] It bears mention that this finding does not contradict the court's earlier finding that defendants' counterclaim is not futile. As noted, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense"—a showing that is more demanding than demonstrating that a claim is unlikely to succeed. *See Miller*, 845 F.2d at 214. Moreover, as noted, while plaintiff argues that defendants are unlikely to succeed on the merits of their counterclaim, plaintiff does not argue that the proposed counterclaim is futile; indeed, plaintiff does not oppose defendants' motion for leave to file amended answers. *See* ECF No. 74.

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. Defendants' motion for leave to file amended answers, ECF No. 71, is GRANTED.

2. The Clerk of Court is directed to file ECF No. 71-1 as defendant Danil Reziapkine's amended answer and counterclaim. The Clerk of Court is further directed to file ECF No. 71-2 as defendant Kiril M. Zameyer's amended answer and counterclaim.

Further, it is hereby RECOMMENDED that defendants' motion for a temporary restraining order, ECF No. 70, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 21, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE